### HALFON v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

APPEAL AND ERROR ⬅︎1012(1)—REVIEW—FINDINGS OF TRIAL COURT—WITNESSES—CROSS-EXAMINATION BY COURT.

    Where, on trial by the court of her personal injury suit as a passenger against defendant street car company, plaintiff's judgment was against the apparent weight of the evidence, and it appeared that the trial justice cross-examined defendant's witnesses from signed statements given to defendant's investigator by such witnesses, but which were not marked for identification or introduced in evidence, and in the absence of such papers it could not be determined on appeal what weight might have been given them by the justice in his determination, *held,* that the interests of justice required reversal and remand for a new trial.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3990; Dec. Dig. ⬅︎1012(1).]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Clara Halfon against the Coney Island & Brooklyn Railroad Company. From a judgment for plaintiff, on trial by the court without a jury, defendant appeals. Reversed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

George D. Yeomans, of Brooklyn (B. W. Hendrickson, of Brooklyn, of counsel), for appellant.

Morton S. Coan, of New York City, for respondent.

PER CURIAM. The plaintiff has recovered a judgment for the sum of $137 for injuries which she claims she suffered in alighting from a street car operated by the defendant. Her story is corroborated by the testimony of one witness, who was accompanying her at

---

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the time of the accident, and is contradicted by the testimony of the conductor, the motorman, and a number of apparently disinterested witnesses. The trial justice resolved this conflict of testimony in favor of the plaintiff.

If the record disclosed that the trial justice had reached his determination solely upon the evidence presented, we should be averse to setting aside his verdict as against the weight of evidence. The record, however, shows that during the trial the trial justice cross-examined the defendant's witnesses from certain papers, which, from the form of the questions, appear to have been statements signed by these witnesses, or statements written out by the defendant's investigator, and which purport to have been read over to the witnesses. They were never marked for identification, and were not offered in evidence. In the absence of these papers, we cannot determine what weight they may have had in the determination of the trial justice. It seems to us that the record presents a situation analogous to that presented in the case where the jury took into the jury room during their deliberations documents that had not been admitted in evidence.

In the interest of justice, we think that, under these circumstances, especially in view of the apparently strong testimony presented by the defendant, judgment should be reversed, and a new trial granted, with $30 costs to appellant to abide the event.